## Allan N. Lashner, Inc. v. Commonwealth

*Edward A. Hosey*, for appellant.

*Erwin Lodge*, for respondent.

KREIDER, P. J., October 25, 1968.—This is an appeal by the Commonwealth of Pennsylvania, Department of Highways (Commonwealth) from an order of the Board of Arbitration of Claims dismissing the Commonwealth's preliminary objection to the claim of Allan N. Lashner, Inc. (Lashner).

As this case has not yet been tried on its merits, the record consists solely of the pleadings filed with the Board of Arbitration of Claims (board). These papers disclose that on August 10, 1967, Lashner filed a "Statement of Claim" with the board seeking to recover from the Commonwealth, Department of Highways, the sum of $40,000.

The statement of claim averred that the claim arose out of a contract entered into between Lashner and the Commonwealth providing for the demolition of certain structures in Philadelphia County and conferring on Lashner the right to salvage and retain for its own use certain fixtures attached thereto. The claim also avers that on July 5, 1966, the attached fixtures were sold at public auction by the Commonwealth.

The Commonwealth filed a preliminary objection to the board's jurisdiction alleging that Lashner's claim was not filed with the board within six months of the accrual of the claim as required by law and therefore was barred by the Act of May 20, 1937, P. L. 728, no. 193, sec. 6, as amended by the Act of September 29, 1961, P. L. 1738, sec. 5, 72 PS §4651-6.[1] The Com-

---

[1] "The Board shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued".

monwealth contended that Lashner's claim accrued on July 5, 1966, which was more than six months before it was filed. Lashner then filed an "amended statement of claim" with the board wherein he averred that on July 16, 1967, he received from the Commonwealth an "original notification to contractor of the amount of final payment due", in which allegedly appeared "for the first time" the Commonwealth's refusal to recognize Lashner's claim.

The amended statement of claim avers that there was further discussion between the parties and that on July 19, 1967, the Commonwealth sent Lashner a "semi-final estimate form" on which were deducted certain sums of money due Lashner under the contract. Lashner avers that "this was the first definite time when the dispute arose". The Commonwealth filed a preliminary objection to the amended claim, again contending that the claim accrued on July 5, 1966, more than six months before the statement of claim was filed. On September 12, 1967, the board made an order dismissing the Commonwealth's preliminary objection and directed it to file an answer within 30 days, whereupon the Commonwealth filed exceptions to the board's order and took the instant appeal. Lashner then filed a motion to strike the exceptions and to quash the appeal.

We are of the opinion that Lashner's motion must be sustained and the Commonwealth's appeal quashed on the ground that it was premature. Appeals from an order of the Board of Arbitration of Claims are governed by the provisions of section 5(b) of the Act of May 20, 1937, P. L. 728, no. 193, as amended, 72 PS §4651-8(b), which are exclusive and must be strictly pursued.[2] Section 5(b) of the act provides:

---

[2] The Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, sec. 13, 46 PS §156, provides: "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, . . . ".

"(b) Within thirty (30) days after dismissing the claim or making an award, any party aggrieved thereby, including the Commonwealth, shall have a right of appeal therefrom. Such appeal shall be taken to the Court of Common Pleas of Dauphin County . . .".

The language and import of this section are clear and unambiguous. An aggrieved party, " . . . including the Commonwealth . . . " may appeal only after an order of the board either dismissing the claim or making an award. The statute does not authorize an appeal, as in the instant case, from an order of the board dismissing preliminary objections. Such an order must be deemed interlocutory and nonappealable, any appeal therefrom being premature.

The Commonwealth tries to avoid the unambiguous provision of the Act of May 20, 1937, supra, by basing its appeal on the Act of March 5, 1925, P. L. 23, sec. 1, 12 PS §672, which provides:

"Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of the first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments".

Assuming, without deciding, that the Commonwealth's preliminary objection has raised a question of the jurisdiction of the board of claims, there are two reasons why the Commonwealth's position cannot be sustained. First, as stated earlier in our opinion, appeals from the Board of Arbitration of Claims are governed by the Act of May 20, 1937, supra, whose provisions, under the Act of 1806, supra, are exclusive and must be strictly pursued. The appeal provisions of the Act of 1937 being exclusive, the Act of 1925 is not applicable to appeals from the Board of Arbitration of Claims. Second, even if the Act of 1925 were applica-

ble, it only authorizes an appeal to the Supreme or the Superior Court, not, as was done here, to the Court of Common Pleas of Dauphin County.

A case squarely on point with the instant one is Young v. Commonwealth, 89 Dauph. 233 (1968). There it was decided that an Order of the Board of Arbitration of Claims dismissing the Commonwealth's preliminary objections raising a question of jurisdiction is a nonappealable order. This court, speaking through Judge James S. Bowman, stated:

"Section 8 of the statute creating the Board and fixing its jurisdiction provides with respect to judicial review of Board action that an aggrieved party may appeal 'Within thirty (30) days after *dismissing the claim or making an award* . . .'

"Apart from constitutional requirements, appeals from administrative agencies are exclusively governed by statute. The statute in question affording an aggrieved party judicial review of the Board's action requires such action to have dismissed a claim or to have made an award. It is then and only then that the right to review comes into being. It is clear—as appellant admits—that the Board's action in question neither makes an award nor dismisses claimant's claim. It is, therefore, not an order from which an appeal is allowable".

For the above reasons the appeal must be quashed. Consequently, it is unnecessary to consider the merits of the Commonwealth's preliminary objection. But even if we did, we do not feel that the record before us contains sufficient undisputed factual allegations upon which to base a decision that would result in a summary dismissal of the plaintiff's claim. "When the sustaining of preliminary objections will result in dismissing the suit . . . it should be done only in cases that are clear and free from doubt": Williams v. Rose, 403 Pa. 619, 622 (1961). This is not such a case.

ORDER

And now, October 25, 1968, the appeal of the Commonwealth of Pennsylvania, Department of Highways, from the order of the Board of Arbitration of Claims is quashed and the proceedings remanded to the board with directions that the Commonwealth file an answer to the amended statement of claim within 30 days from the receipt of a copy of this order.